ELLIS, Judge.
Plaintiff, James B. Nichols, and his daughter, Mary Coy Nichols, were injured in ah automobile accident on July 7, 1968, when their automobile was struck in the rear by another vehicle. The defendants herein are Paul W. Weimer and his insurer, Bankers & Shippers Insurance Company of New York. On the trial of the case, liability was stipulated by the defendants, and the matter was heard on the question of quantum only. After hearing the evidence, the district judge rendered judgment in favor of Mr. Nichols for $420.91 in special damages, which are uncontested, and for $3,750.00 for pain, suffering, and permanent injury resulting from the accident. Judgment was also rendered in favor of Mary Coy Nichols in the sum of $600.00 for her pain and suffering. From this judgment, the defendants have appealed, alleging that the awards made in both cases were so excessive as to constitute an abuse of the discretion of the trial court.
Mr. Nichols was first seen by Dr. Buy Riche, an internist, on July 15, 1968, about a week after the accident. At that time, he was suffering from pain in the back of his neck and between his shoulders, which had become progressively worse since the accident. Dr. Riche found marked mttscle spasms, some stiffness and limitation of motion in his neck. He felt that Mr. Nichols had suffered moderate pain from his injury. X-rays taken at that time show degenerative osteoarthritis of minimal degree in the cervical vertabrae. No fractures or other abnormalities were found. Dr. Riche diagnosed a cervical strain and gave pain relievers and muscle relaxants to Mr. Nichols. He saw him again on August 19, 1968, at which time Mr. Nichols still had pain on each side of his neck, which varied in *771 intensity from day to day. He found no muscle spasm and expected the injury to subside in from six weeks to two months. He had not seen Mr. Nichols since that time.
Mr. Nichols was seen by Dr. Allen C. Farries, an orthopedic surgeon, on April 9, 1969, at the behest of the defendants. At that time, he complained of pain in his neck. Dr. Farries found no muscle spasm, but did note a slight limitation in his ability to rotate his neck. He felt that Mr. Nichols had suffered a cervical sprain and that his convalescence had been prolonged by the arthritic condition in his neck. He felt that Mr. Nichols should have a complete recovery.
Mr. Nichols was also seen by Dr. Frank C. McMains, an orthopedic surgeon, on November 5, 1968. At that time, he complained of soreness in his neck and between the shoulder blades, and limitation of rotation of his neck. He was suffering from occasional headaches. Dr. McMains found that he had only 50% of the normal rotation of his neck. X-rays taken at that time showed no change from the first X-rays, except that there was some increase in calcification of the anterior longitudinal ligament. Dr. McMains saw Mr. Nichols again on September 9, 1969, shortly before the trial of the case. He felt that he had improved, although he found there was still some limitation in the rotation of his neck. He felt at that time that Mr. Nichols had a permanent limitation in his ability to rotate his neck, and assigned him a permanent 10% to 15% disability of his neck. He was of the opinion that there would be some flare-ups of pain thereafter.
As of the time of the trial, Mr. Nichols testified that he still had occasional pain for which he had to take aspirin, and that he could not turn his head sufficiently to see where he was going when backing up his automobile. At the time of the trial, he was suffering from pain two or three times a week. He said he was neither improving or getting worse.
It is apparent that the trial judge accepted Dr. McMains’ evaluation of Mr. Nichols’ condition. He was of the opinion that plaintiff had a permanent restriction in the motion of his neck, and that he would continue to suffer flare-ups of pain for an indefinite period. Under those circumstances, an award of $3,750.00 for pain and suffering and permanent disability would not be excessive, and we can find no manifest error in the award.
Mr. Nichols’ daughter, Miss Mary Coy Nichols, was a passenger in the vehicle when the accident happened. She suffered a neck injury, and the doctor found that she had a moderate muscle spasm in the right sternomastoid muscle. He gave her pain relievers and muscle relaxants, and prescribed heat.
Miss Nichols testified that she was unable to move her neck for four to six days after she saw Dr. Riche, and then began to improve. She took the medication prescribed by Dr. Riche for four days after she saw him, and then quit. Two weeks later, she had fully recovered from the effects of the accident. The total duration of her disability was about four weeks.
Considering the great latitude given to district judges in matters of this nature, we are unable to find this award to be an abuse of discretion.
The judgment appealed from is affirmed, at defendants’ cost.
Affirmed.